**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2540
_____

MUSTAFA BOSTANCI,
                                                    Appellant

v.

NEW JERSEY CITY UNIVERSITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-04339)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2012
Before:  AMBRO, FISHER and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: January 20, 2012 )
_____

OPINION
_____

PER CURIAM

Mustafa Bostanci, proceeding pro se, appeals from the District Court's orders that

dismissed claims raised in his complaint, granted defendant's motion for summary

judgment, and denied his motion to amend.  For the reasons that follow, we will affirm

the District Court's judgment.

The record reflects that Bostanci had been working for the Information Technology Services Department at New Jersey City University ("NJCU") since 2001. He received satisfactory and commendable evaluations from his supervisors. In April 2007, however, Bostanci was charged with insubordination, failure to carry out an order, and conduct unbecoming of a state employee, and was suspended from NJCU. After a hearing was held on May 8, 2007, the charges against Bostanci were sustained and Bostanci's employment with NJCU was terminated.

In May 2007, Bostanci filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division of Civil Rights ("DCR") against NJCU. Bostanci's DCR complaint alleged discharge, retaliation, and harassment based on his age in violation of the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. § 10:5 et seq., the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq.[1] Bostanci asserted that his supervisor harassed him, telling him that he was too old. He also alleged that his disciplinary action and termination were a result of his complaining to NJCU's human resources department on March 30, 2007 about his supervisor's discriminatory practices towards him.

After conducting an investigation of the allegations, DCR closed the case in March 2008, with a finding of no probable cause. In May 2008, the EEOC adopted the no probable cause finding of DCR, closed its file, and issued Bostanci a right to sue

---

[1] It is unclear what claims were raised and the date the charge was filed with the EEOC because the record contains only one page of Bostanci's intake questionnaire.

letter. Bostanci appealed DCR's decision, which the Superior Court of New Jersey affirmed.

While his appeal to the Superior Court was pending, Bostanci filed in the District Court a complaint, which was essentially identical to the complaint he filed with DCR. NJCU filed a motion to dismiss the complaint, which the District Court granted as to Bostanci's Title VII claims. NJCU then filed a motion for summary judgment.[2] The District Court granted NJCU's motion for summary judgment, finding Bostanci's ADEA claims were barred by issue preclusion.[3] Bostanci filed a motion for reconsideration and for leave to amend his complaint, which the District Court denied. Bostanci timely appeals.

II.     Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[2] NJCU had also filed a motion to dismiss, arguing that it was entitled to sovereign immunity. The District Court converted the motion into a motion for summary judgment and denied the motion.

[3] Bostanci does not appeal the District Court's granting NJCU summary judgment as to his claims under LAD. Therefore, we will not address these claims. See Mitchell v. Cellone, 389 F.3d 86, 92 (3d Cir. 2004) (issue not argued in appellate brief is abandoned and waived).

3

face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).  Summary judgment is granted when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001).  We review an order denying a motion to file an amended complaint for abuse of discretion.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

III.    Discussion

    A.    Dismissed Claims

In his complaint, Bostanci alleged that NJCU violated Title VII by retaliating and terminating his employment after he complained to human resources regarding discrimination based on his age.  Title VII prohibits discrimination on the basis of an "individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e-2.  Age is not a protected class under Title VII.  Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 n.4 (1982).  Therefore, Bostanci's Title VII claims fail to state a claim for relief and the District Court properly dismissed these claims.[4]

---

[4] In his appeal brief, Bostanci alleges religious discrimination under Title VII, and notes that he alleged religious discrimination on the second page of his EEOC complaint. We cannot consider this argument, however, because Bostanci did not include this claim in his complaint and the second page of the EEOC complaint was not included in the record below.  See Webb v. City of Phila., 562 F.3d 256, 261 n.4 (3d Cir. 2009) (citation omitted).

4

B.      Summary Judgment

Under 28 U.S.C. § 1738, a federal court is required to give the same preclusive effect to state court judgments that those judgments would be given in that state's own courts.[5] Kremer, 456 U.S. at 466. In New Jersey, issue preclusion is appropriately invoked when: (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in a prior proceeding; (3) the prior court issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom issue preclusion is asserted was a party or in privity with a party to the earlier proceeding. Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002) (citations omitted). Additionally, the prior proceedings must have satisfied the minimum procedural requirements of the Due Process Clause, which requires notice and an opportunity to be heard. See Kremer, 456 U.S. at 481-82; Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 635 F.3d 87, 100 (3d Cir. 2011).

Bostanci asserts that the District Court improperly granted summary judgment to NJCU on his ADEA claims. He argues that issue preclusion does not apply to his ADEA claims because DCR's investigation only involved his LAD claims, not his ADEA claims, and DCR's no probable cause determination was merely an investigation, not an adjudication on the merits. He also argues that he did not have a full and fair opportunity to litigate the issue. Bostanci's arguments fail.

---

[5] Section 1738 has long been understood to encompass the doctrine of issue preclusion. San Remo Hotel v. City & Cnty. of S.F., 545 U.S. 323, 336 (2005).

5

Although DCR reviewed Bostanci's age discrimination claims pursuant to LAD, the elements of a successful employment discrimination claim under LAD are virtually indistinguishable to those under ADEA. A claim of age discrimination under LAD requires a claimant to show that: (1) he was a member of a protected group; (2) his job performance met the "employer's legitimate expectations"; (3) he was terminated; and (4) the employer replaced, or sought to replace, him with "a candidate sufficiently younger to permit an inference of age discrimination." Zive v. Stanley Roberts, Inc., 867 A.2d 1133, 1141 (N.J. 2005); Bergen Commercial Bank v. Sisler, 723 A.2d 944, 956 (N.J. 1999). Similarly, a claim under ADEA requires a claimant to show that: (1) he was a member of the protected age class; (2) he suffered an adverse employment decision; (3) he was qualified to hold the position; and (4) he was replaced by a significantly younger employee. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). Thus, the legal issues in Bostanci's ADEA claims are identical to those DCR decided under LAD. See Kremer, 456 U.S. at 479-80 (employment discrimination claims under New York state law and Title VII virtually identical).

Bostanci also argues that issue preclusion does not apply because DCR only conducted an investigation of his age discrimination claims and the claims were not brought before any court. The record shows otherwise. Bostanci pursued his age discrimination claims with the responsible state authority, DCR, before filing an ADEA complaint with the federal court. See 29 U.S.C. § 633(b); Astoria Fed. Savs. & Loan Ass'n v. Solimino, 501 U.S. 104, 110-11 (1991). DCR then conducted an investigation,

6

in which it reviewed workplace records and conducted interviews with Bostanci's former union representatives and individuals Bostanci identified as similarly situated to him. As a result of the investigation, DCR determined that there was a lack of probable cause that Bostanci was discriminated against due to his age or was a victim of reprisal. Bostanci appealed DCR's finding, which was a final order, see N.J. Stat. Ann. §10:5-21; N.J. Admin. Code § 13:4-10.2, and the Superior Court affirmed DCR's finding of no probable cause. Thus, the Superior Court's judgment upholding DCR's no probable cause finding precludes Bostanci's from re-litigating in federal court the employment discrimination claims he pursued with DCR. See Kremer, 456 U.S. at 477-82.

Bostanci's argument that he was not afforded due process also fails. Bostanci alleges that DCR procedures violated due process because DCR did not conduct a hearing during its investigation and because it excluded evidence and witness testimonies in its decision analyzing his age discrimination claims. This argument, however, does not suggest that DCR did not meet the minimum due process requirements of notice and an opportunity to be heard. See Disabled in Action, 635 F.3d at 100. Bostanci does not contend that he was unable to present evidence. He merely disagrees with DCR's expedited process[6] and DCR's decision not to include evidence he believes was material in its report supporting its no probable cause determination. Accordingly, the District

---

[6] A claimant choosing to file a complaint with DCR over the Superior Court of New Jersey, "avail[s] himself of a means of redress normally swifter and less expensive than formal litigation." Sprague v. Glassboro State College, 391 A.2d 558, 562 (N.J. Super. Ct. 1978); see N.J. Stat. Ann. § 10:5-13.

Court properly granted summary judgment on Bostanci's ADEA claims, as they were barred by issue preclusion.

C.    <u>Motion to Amend</u>

The District Court did not abuse its discretion in denying Bostanci's motion for leave to amend his complaint because amendment would have been futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F. 3d 103, 108 (3d Cir. 2002). Bostanci sought to amend his complaint to include newly discovered evidence that demonstrated that his supervisor was unqualified and that NJCU replaced him with an employee 15 years younger than him. An amended complaint that included this evidence could not withstand a renewed motion for summary judgment, as the Superior Court's affirmance of DCR's no probable cause finding would still preclude Bostanci from raising his ADEA claims in federal court. <u>See</u> <u>Kremer</u>, 456 U.S. at 477-81

For the foregoing reasons, we will affirm the District Court's judgment.